UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INSURANCE COMPANY,
        Plaintiff,

Case No. 09-14975

v.                                                     Hon. Lawrence P. Zatkoff

GLOBAL MEDICAL BILLING, INC., et al.,
        Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on February 23, 2011.

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendants' two Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [dkt 15 & dkt 33][1], and Defendants' Motion for More Definite Statement [dkt 16].[2] The parties have fully briefed the motions. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. For the reasons set forth below, Defendants'

---

[1] Defendants Global Medical Billing, Inc.; First Global Medical Supply; Salma Sheikh; Get Well Medical Transport Co.; Hala Makki; Medical Evaluations and Testing, P.C.; Terry M. Reznick; Medical Evaluations, P.C.; James E. Beale; Suncare Rehab, Inc.; Sundraram Pillai; Rehab Associates, Inc.; Vinod Joshi; Amanda Bazzi; Andrea Pennington; Irwin Lutwin and Sukaina Mackie filed the first motion to dismiss [dkt 15]. Defendants Fatemah Chehab and Jeffrey Parker filed the second motion to dismiss [dkt 33].

[2] Defendants Progressive Physical Therapy and Rehab Center, Inc.; Tri-County Physical Therapy and Rehabilitation, Inc.; Rehab Specialists Group, Inc.; and Tahzibul Rizvi filed the motion for more definite statement [dkt 16].

Motions to Dismiss [dkt 15 & dkt 33] are GRANTED, and Defendants' Motion for More Definite Statement [dkt 16] is DENIED as moot.

## II. BACKGROUND

When Michigan's No-Fault insurance law was enacted, the legislature recognized that certain individuals injured in an automobile accident would not be covered by an applicable auto insurance policy. As a remedy, the Michigan legislature created an Assigned Claims Facility ("ACF") and delegated to ACF the power to assign claims to an auto accident insurance company for the purpose of providing benefits to such uninsured individuals, thus providing a mechanism for uninsured individuals to be compensated for their medical costs and lost wages.[3] Plaintiff is one of five auto insurance companies that is assigned claims from ACF. As it pertains to this case, ACF assigned Plaintiff to pay the benefits for certain uninsured individuals who were seen by some of the Defendants. After making such payments, Plaintiff was reimbursed by ACF.

In its Complaint, Plaintiff alleges that the twenty-four Defendants engaged in a complex fraud scheme through which Defendants conspired to defraud Plaintiff by submitting fraudulent Michigan No-Fault insurance claims.[4] Plaintiff generally alleges that: (a) it received fraudulent

---

[3] An automobile accident individual that is ineligible for benefits through a No-Fault insurance policy is eligible for benefits through ACF, as long as another provision of the No-Fault Act does not bar his or her eligibility. Mich. Comp. Laws §§ 500.3173, 500.3174.

[4] The Michigan No-Fault Act, Mich. Comp. Laws § 500.3101, *et seq.*, requires insurers to pay personal protection benefits. Mich. Comp. Laws § 500.3142. Personal protection benefits include "allowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery or rehabilitation" when those benefits are casually connected to "accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle." *See* Mich. Comp. Laws §§ 500.3105, 3107(1)(a).

claims from some of the Defendants with respect to medical services they performed on uninsured individuals, and (b) made payments to some of the Defendants in accordance with the Act. Specifically, Plaintiff alleges that certain Defendants obtained the uninsured individuals' names from traffic crash reports produced by the Detroit Police Department, and then some Defendants directed those individuals to medical clinics that other Defendants owned or controlled. According to Plaintiff, physicians employed by various Defendants' medical clinics provided evaluations for those individuals, which resulted in referrals for diagnostic tests, physical therapies, or transportation services. Defendants then submitted charges for the evaluations, tests, transportation services, and physical therapies to Plaintiff. Although Plaintiff paid for these charges, Plaintiff contends that the services were: (1) not performed, (2) not medically necessary, and/or (3) performed by either unlicensed or unsupervised physicians. Plaintiff now seeks $680,000 in damages for the insurance payments Plaintiff made to Defendants over an approximate six-to-ten year span. Assorted Defendants responded by filing motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Some Defendants also filed a motion for more definite statement.

### III. STANDARD OF REVIEW

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a party's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in that party's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). Thus, a party

must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). *See also Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1953 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(d).

## IV. ANALYSIS

### A.   STANDING

Before the Court can reach the merits of Defendants' motions, it must address the issue of standing. A plaintiff must have constitutional standing as required by Article III of the United States Constitution and prudential standing as recognized by the federal courts. *See Warth v. Seldin*, 422 U.S. 490, 498–99 (1975); *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). There are three components to establish constitutional standing. Under Article III, (1) the plaintiff must have "suffered some actual or threatened injury due to the alleged illegal conduct of the defendant"; (2) "the injury must be 'fairly traceable' to the challenged action"; and (3) "there must be a substantial likelihood that the relief requested will redress or prevent the plaintiff's injury." *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183

F.3d 488, 494 (6th Cir. 1999); *Allstate Ins. Co. v. Wayne Co.*, 760 F.2d 689, 692 (6th Cir. 1985). Once the plaintiff has alleged facts sufficient to satisfy constitutional standing, the plaintiff must also establish prudential standing by setting forth claims that: (1) "assert [its] own legal rights and interests"; (2) are "more than a generalized grievance"; and (3) "fall within the zone of interests regulated by the statute in question," if such a statute is applicable. *Wuliger v. Mfrs. Life Ins. Co.*, 567 F.3d 787, 793 (6th Cir. 2009) (internal citation and quotation marks omitted); *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 295 (6th Cir. 2006).

Defendants maintain that Plaintiff lacks constitutional and prudential standing because Plaintiff's injury is based on damages for which Plaintiff has been reimbursed by ACF. In response, Plaintiff contends that it can assert ACF's rights in this action pursuant to Mich. Comp. Laws § 500.3175, a statute that addresses an assigned insurer's right to seek reimbursement or indemnification against third parties for the benefit of ACF.

The Court finds Plaintiff's contention unpersuasive. First, Plaintiff lacks constitutional standing. Plaintiff's claims are based on allegations of fraud. Pl.'s Resp. to Defs.' 1st Mot. Dismiss at 4 ("This is . . . an action for fraud and misrepresentation for benefits that should never been [sic] paid to Defendants."). Yet, Plaintiff has not suffered an injury in fact with respect to the purported fraud committed by Defendants, as evidenced by Plaintiff's failure to respond to Defendants' contention that Plaintiff has been reimbursed by ACF for any payments Plaintiff made to Defendants. In failing to do so, Plaintiff is deemed to have admitted that it was paid by ACF.[5] *See Ctr. For Biological Diversity v. Rural Utils. Serv.*, No. 5:08-292-JMH, 2009 WL 3241607, at *3

---

[5]*See* Mich. Admin. Code r. 11.105, promulgated pursuant to Mich. Comp. Laws § 500.3171 (stating that "the servicing insurer to which the claim is assigned is entitled to reimbursement for the personal protection insurance benefits").

5

(E.D. Ky. Oct.2, 2009) ("When a party fails to respond to a motion or argument therein, the Sixth Circuit has held that the lack of response is grounds for the district court to assume opposition to the motion is waived, and grant the motion.") (citing *Humphrey v. U.S. Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir.2008)). Thus, Plaintiff is unable to establish an injury in fact that is personal to Plaintiff.

The Court also finds that Plaintiff's cause of action is barred by the prudential standing limitation. Plaintiff is not asserting its own legal rights and interests; rather, it asserts the legal rights and interests of a third party, which may or may not be ACF.[6] Plaintiff's success or failure in this action has little consequence to Plaintiff because it has already received payment for the purported fraudulent charges. *See Singleton v. Wulff*, 428 U.S. 106, 113–14 (1976) (stating that the holder of the rights being asserted is the best advocate of those rights). Therefore, Plaintiff also lacks prudential standing to assert the claims in its complaint against Defendants.

Count I of Plaintiff's Complaint (a claim under Mich. Comp. Laws § 500.4511) provides further support for the Court's findings. Section 500.4511 sets forth the criminal sanctions for a person who acts alone or conspires with others to commit a fraudulent insurance act. The statute expressly delegates "authorized agencies" the power to criminally prosecute persons or insurers for acts of insurance fraud, however, and Plaintiff is not listed as an one of the authorized agencies.[7]

---

[6] The Court is not determining that ACF is the correct third party. Neither the parties' papers nor the record clearly indicate who might be the proper third party (or third parties) to bring the claims asserted by Plaintiff.

[7] The statute defines "authorized agencies" as:
> The department of state police; a city, village, or township police department; a county sheriff's department; a United States criminal investigative department or agency; the prosecuting authority of a city, village, township, county, or state or of the United States; the

6

The statute does not create or provide for a private cause of action. Finally, the statute's language specifies the action an insurer such as Plaintiff can pursue, *i.e.*, reporting the allegedly fraudulent behavior to an authorized agency. *See* Mich. Comp. Laws § 500.4507(2) ("if an insurer knows or reasonably believes it knows the identity of a person who it has reason to believe committed a fraudulent insurance act . . ., the insurer . . . may notify an authorized agency of the knowledge or belief and provide any additional information").

For those reasons, the Court concludes that Plaintiff has not demonstrated that it is a "proper proponent, and [that this] action [is] a proper vehicle, to vindicate the rights asserted." *Wuliger*, 567 F.3d at 793. As such, the Court finds that Plaintiff has failed to establish constitutional and prudential standing. The Court accordingly grants Defendants' motions to dismiss.

### B. SUBSTITUTION OR ADDITION OF THE REAL PARTY IN INTEREST

Plaintiff avers in its response brief that if the Court finds that Plaintiff lacks standing, Plaintiff should be permitted time to substitute or add ACF as the real party in interest pursuant to Fed. R. Civ. P. 17(a).

Rule 17(a) provides that "an action must be prosecuted in the name of the real party in interest." *Id.* at 17(a)(1). The rule then lists various real parties in interest to illustrate when a plaintiff may sue in its own name without joining the party who benefits from the action. *Id.* According to Plaintiff, "a party authorized by statute" may bring the action for the real party in interest. *Id.* at 17(a)(1)(G). Rule 17(a) further provides that "the court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable

---

insurance bureau; or the department of state.
Mich. Comp. Laws § 500.4501.

7

time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." *Id.* at 17(a)(3).

The Court denies Plaintiff's request on two grounds. First, as noted above, Plaintiff has not shown that ACF is the real party in interest. Second, the Court finds that Plaintiff's contention that Mich. Comp. Laws § 500.3175(2) authorizes Plaintiff to bring the action on behalf of ACF, and thus satisfies Rule 17(a)(1)(G), is unconvincing. According to Mich. Comp. Laws § 500.3175(2), "the insurer to whom claims have been assigned shall preserve and *enforce rights to indemnity or reimbursement* against third parties and account to the assigned claims facility therefor and shall assign such rights to the assigned claims facility upon reimbursement by the assigned claims facility." (emphasis added). This section specifically addresses Plaintiff's ability to enforce ACF's rights with respect to any indemnity or reimbursement claims against third parties, however, Plaintiff admits that "this is not an action for indemnity or reimbursement from a third party. This is instead an action for fraud and misrepresentation for benefits that should never been [sic] paid to Defendants." Pl.'s Resp. to Defs.' 1st Mot. Dismiss at 4. Based on Plaintiff's own admission, the Court concludes that Plaintiff is not pursuing an action that falls within Mich. Comp. Laws § 500.3175(2) and, as such, is not entitled to bring this action pursuant to Fed. R. Civ. P. 17(a)(1)(g).

The Court also declines to allow time for the real party in interest to ratify, join, or be substituted, because, as stated above, Plaintiff has not established an appropriate real party in interest. For the reasons set forth above, the Court denies Plaintiff's request for time to add or substitute ACF as a plaintiff-party in this action.

## V. CONCLUSION

Accordingly, for the above reasons, IT IS HEREBY ORDERED that Defendants' motions to dismiss [dkt 15 & dkt 33] are GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion for More Definite Statement [dkt 16] is DENIED as moot.

IT IS FURTHER ORDERED that, because Plaintiff lacks standing to bring this action, Plaintiff's cause of action is DISMISSED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  February 23, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 23, 2011.

S/Marie E. Verlinde
Case Manager
(810) 984-3290