UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INSURANCE COMPANY,
        Plaintiff,

                                                                            Case No. 09-14975
v.                                                            Hon. Lawrence P. Zatkoff

GLOBAL MEDICAL BILLING, INC., et al.,
        Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on February 1, 2012

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
                   UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on four motions:

        A.     Plaintiff's Motion for Reconsideration (Docket #41);

        B.     Assigned Claims Facility's Motion for Emergency Intervention (Docket #42);

        C.     A Motion to File Amicus Curiae Brief in Support of Plaintiff's Motion for Reconsideration, filed by the Michigan Catastrophic Claims Association ("MCCA") (Docket #52); and

        D.     Defendants Faye Chehab and Dr. Jeffrey Parker's (the "Parker Defendants") Motion for Frivolous Action Sanctions (Docket #43).[1]

The parties have fully briefed the motions. The Court finds that the facts and legal arguments are

---

[1] The other named Defendants were Global Medical Billing, Inc.; First Global Medical Supply; Salma Sheikh; Get Well Medical Transport Co.; Hala Makki; Medical Evaluations and Testing, P.C.; Terry M. Reznick; Medical Evaluations, P.C.; James E. Beale; Suncare Rehab, Inc.; Sundraram Pillai; Rehab Associates, Inc.; Vinod Joshi; Amanda Bazzi; Andrea Pennington; Irwin Lutwin and Sukaina Mackie. None of those Defendants filed a motion for sanctions.

adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. For the reasons set forth below, all four motions are DENIED.

## II. BACKGROUND

When Michigan's No-Fault insurance law was enacted, the legislature recognized that certain individuals injured in an automobile accident would not be covered by an applicable auto insurance policy. As a remedy, the Michigan legislature created an Assigned Claims Facility ("ACF") and delegated to ACF the power to assign claims to an auto accident insurance company for the purpose of providing benefits to such uninsured individuals, thus providing a mechanism for uninsured individuals to be compensated for their medical costs and lost wages.[2] Plaintiff is one of five auto insurance companies that is assigned claims from ACF. As it pertains to this case, ACF assigned Plaintiff to pay the benefits for certain uninsured individuals who were seen and treated by some of the Defendants. After making such payments, Plaintiff was reimbursed by ACF.

In its Complaint, Plaintiff alleged that the twenty-four Defendants engaged in a complex fraud scheme through which Defendants conspired to defraud Plaintiff by submitting fraudulent Michigan No-Fault insurance claims. In deciding motions to dismiss filed on behalf of several Defendants, this Court dismissed Plaintiff's cause of action after concluding that Plaintiff lacked both constitutional and prudential standing to bring the instant cause of action:

---

[2]An automobile accident individual that is ineligible for benefits through a No-Fault insurance policy is eligible for benefits through ACF, as long as another provision of the No-Fault Act does not bar his or her eligibility. Mich. Comp. Laws §§ 500.3173, 500.3174.

<u>A plaintiff must have constitutional standing as required by Article III of the United States Constitution and prudential standing as recognized by the federal courts</u>. *See Warth v. Seldin*, 422 U.S. 490, 498–99 (1975); *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). There are three components to establish constitutional standing. Under Article III, (1) the plaintiff must have "suffered some actual or threatened injury due to the alleged illegal conduct of the defendant"; (2) "the injury must be 'fairly traceable' to the challenged action"; and (3) "there must be a substantial likelihood that the relief requested will redress or prevent the plaintiff's injury." *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999); *Allstate Ins. Co. v. Wayne Co.*, 760 F.2d 689, 692 (6th Cir. 1985). Once the plaintiff has alleged facts sufficient to satisfy constitutional standing, the plaintiff must also establish prudential standing by setting forth claims that: (1) "assert [its] own legal rights and interests"; (2) are "more than a generalized grievance"; and (3) "fall within the zone of interests regulated by the statute in question," if such a statute is applicable. *Wuliger v. Mfrs. Life Ins. Co.,* 567 F.3d 787, 793 (6th Cir. 2009) (internal citation and quotation marks omitted); *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 295 (6th Cir. 2006).

\* \* \* \* \*

<u>First, Plaintiff lacks constitutional standing</u>. ... Plaintiff has not suffered an injury in fact with respect to the purported fraud committed by Defendants, as evidenced by Plaintiff's failure to respond to Defendants' contention that Plaintiff has been reimbursed by ACF for any payments Plaintiff made to Defendants. In failing to do so, Plaintiff is deemed to have admitted that it was paid by ACF.[3] ... Thus, Plaintiff is unable to establish an injury in fact that is personal to Plaintiff.

\* \* \* \* \*

<u>The Court also finds that Plaintiff's cause of action is barred by the prudential standing limitation</u>. Plaintiff is not asserting its own legal rights and interests; rather, it asserts the legal rights and interests of a third party, which may or may not be ACF.[4] Plaintiff's success or failure in this action has little consequence to Plaintiff because it has already received payment for the purported fraudulent charges. *See*

---

[3]*See* Mich. Admin. Code r. 11.105, promulgated pursuant to Mich. Comp. Laws § 500.3171 (stating that "the servicing insurer to which the claim is assigned is entitled to reimbursement for the personal protection insurance benefits").

[4] The Court is not determining that ACF is the correct third party. Neither the parties' papers nor the record clearly indicate who might be the proper third party (or third parties) to bring the claims asserted by Plaintiff.

*Singleton v. Wulff*, 428 U.S. 106, 113–14 (1976) (stating that the holder of the rights being asserted is the best advocate of those rights). Therefore, Plaintiff also lacks prudential standing to assert the claims in its complaint against Defendants.

\* \* \* \* \*

Count I of Plaintiff's Complaint (a claim under Mich. Comp. Laws § 500.4511) provides further support for the Court's findings. Section 500.4511 sets forth the criminal sanctions for a person who acts alone or conspires with others to commit a fraudulent insurance act. The statute expressly delegates "authorized agencies" the power to criminally prosecute persons or insurers for acts of insurance fraud, however, and Plaintiff is not listed as an one of the authorized agencies.[5] The statute does not create or provide for a private cause of action. Finally, the statute's language specifies the action an insurer such as Plaintiff can pursue, *i.e.*, reporting the allegedly fraudulent behavior to an authorized agency. *See* Mich. Comp. Laws § 500.4507(2) ("if an insurer knows or reasonably believes it knows the identity of a person who it has reason to believe committed a fraudulent insurance act . . ., the insurer . . . may notify an authorized agency of the knowledge or belief and provide any additional information").

<u>For those reasons, the Court concludes that Plaintiff has not demonstrated that it is a "proper proponent, and [that this] action [is] a proper vehicle, to vindicate the rights asserted." *Wuliger*, 567 F.3d at 793.  As such, the Court finds that Plaintiff has failed to establish constitutional and prudential standing. The Court accordingly grants Defendants' motions to dismiss.</u>

In granting the motions to dismiss, the Court also addressed Plaintiff's request (set forth in its response brief, not by motion) that it be permitted time to substitute or add ACF as the real party in interest:

Rule 17(a) provides that "an action must be prosecuted in the name of the real party in interest." *Id.* at 17(a)(1).  The rule then lists various real parties in interest to illustrate when a plaintiff may sue in its own name without joining the party who

---

[5]The statute defines "authorized agencies" as:
> The department of state police; a city, village, or township police department; a county sheriff's department; a United States criminal investigative department or agency; the prosecuting authority of a city, village, township, county, or state or of the United States; the insurance bureau; or the department of state.

Mich. Comp. Laws § 500.4501.

4

benefits from the action. *Id.* According to Plaintiff, "a party authorized by statute" may bring the action for the real party in interest. *Id.* at 17(a)(1)(G). Rule 17(a) further provides that "the court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." *Id.* at 17(a)(3).

The Court denies Plaintiff's request on two grounds. First, as noted above, Plaintiff has not shown that ACF is the real party in interest. Second, the Court finds that Plaintiff's contention that Mich. Comp. Laws § 500.3175(2) authorizes Plaintiff to bring the action on behalf of ACF, and thus satisfies Rule 17(a)(1)(G), is unconvincing. According to Mich. Comp. Laws § 500.3175(2), "the insurer to whom claims have been assigned shall preserve and *enforce rights to indemnity or reimbursement* against third parties and account to the assigned claims facility therefor and shall assign such rights to the assigned claims facility upon reimbursement by the assigned claims facility." (emphasis added). This section specifically addresses Plaintiff's ability to enforce ACF's rights with respect to any indemnity or reimbursement claims against third parties, however, Plaintiff admits that "this is not an action for indemnity or reimbursement from a third party. This is instead an action for fraud and misrepresentation for benefits that should never been [sic] paid to Defendants." Pl.'s Resp. to Defs.' 1st Mot. Dismiss at 4. Based on Plaintiff's own admission, the Court concludes that Plaintiff is not pursuing an action that falls within Mich. Comp. Laws § 500.3175(2) and, as such, is not entitled to bring this action pursuant to Fed. R. Civ. P. 17(a)(1)(g).

The Court also declines to allow time for the real party in interest to ratify, join, or be substituted, because, as stated above, Plaintiff has not established an appropriate real party in interest. For the reasons set forth above, the Court denies Plaintiff's request for time to add or substitute ACF as a plaintiff-party in this action.

### III. ANALYSIS

#### A. Motion for Reconsideration

In order to obtain reconsideration of a particular matter, the party bringing the motion for reconsideration must: (1) "demonstrate a palpable defect by which the court and the parties . . . have been misled;" and (2) "show that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h). See also *Graham ex rel. Estate of Graham v. County of Washtenaw*,

358 F.3d 377, 385 (6th Cir. 2004); *Aetna Cas. and Sur. Co. v Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. MICH. LR 7.1(h)(3).

Plaintiff sets forth three arguments in its motion for reconsideration: (1) it has requisite standing to bring the action over its own claims; (2) it has standing to bring suit on behalf of ACF as a quasi-governmental entity; and (3) if the Court finds that Plaintiff does not have standing as a representative of ACF, Plaintiff should be granted leave to amend its complaint to join ACF as a co-plaintiff and a real party in interest.

  *1.     Plaintiff's "Own Claims"*

Plaintiff contends that "approximately one-third of the claims alleged are [Plaintiff's] own claims" (totaling in excess of $75,000) and that it has standing under Michigan's No-Fault Act to bring suit to recoup benefits paid to Defendants for bills fraudulently submitted for services not rendered or unlawfully rendered. Plaintiff does not direct the Court to any allegations in the Complaint that indicate that Plaintiff was suing for claims it submitted on behalf of itself–rather than for claims on behalf of ACF for which Plaintiff was reimbursed. When reviewing the Complaint, the Court noted that Plaintiff collectively refers to itself and the Assigned Claims Plan ("ACP") throughout:

(a)  "insureds of Allstate and Claimants under the Assigned Claims Plan";

(b)  "Insureds of Plaintiff and Claimants under the Michigan Assigned Claims Plan . . . can assign their rights to No-Fault benefits to providers of medical services . . . Allstate provides claim handing duties on behalf of the ACP of the State of Michigan";

  (c) "all Plaintiff's insureds and Claimants under the ACP"; and

  (4) "Pursuant to the No-Fault Act, Plaintiff paid fees to the Defendants on behalf of Plaintiff's insureds and the ACP[.]"

Accordingly, the Court is not persuaded that Plaintiff's Complaint alleges a cause of action with respect to claims unrelated to the ACP/ACF.

  *2.* *Plaintiff as a Quasi-Governmental Agency*

Plaintiff contends that it, on behalf of ACF, stands as claimant's insurer for purposes of paying bills under the Michigan No-Fault Insurance Act, MCL §500.3171. Plaintiff cites two cases to support its argument, however, neither case presents a fact pattern similar or parallel to the facts involved in this case, *i.e.*, an assigned insurer seeking to recover benefits on behalf of ACF. Therefore, the Court does not find that such cases govern the facts of this case. In addition, the Court finds that the balance of Plaintiff's argument on this subject merely presents the same arguments set forth in Plaintiff's response to the motions to dismiss. Thus, the Court shall not consider the argument again.

  *3.* *Granting Leave to Amend*

Plaintiff contends that, pursuant to Federal Rule of Civil Procedure Rule 17(a)(3), the Court should not have dismissed Plaintiff's action when ruling on the motions to dismiss. Rule 17(a)(3) prohibits dismissal of an action for failure to prosecute in the name of the real party in interest until certain steps have occurred:

> <u>The court may not dismiss an action</u> for failure to prosecute in the name of the real party in interest <u>until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action</u>. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Plaintiff's argument overlooks the fact that the initial motion to dismiss filed by some of the other Defendants challenged (*i.e.*, objected to) Plaintiff's standing to sue on behalf of ACF. That motion to dismiss was fully briefed several months before the Court ruled on the motions to dismiss. The Court finds that several months constitutes a reasonable period of time during which: (a) Plaintiff could have filed a motion to amend its Complaint; and/or (b) ACF could have sought to intervene in the cause of action filed by Plaintiff. Thus, the Court allowed "a reasonable time" for the real party in interest (if, in fact, ACF is the real party in interest–see footnote 4, *supra*) "to ratify, join, or be substituted into the action." As neither Plaintiff nor ACF took action to have ACF named as a plaintiff in this case, the Court dismissed the Plaintiff's cause of action. For the same reason, the Court denies Plaintiff's request to have its case reinstated pursuant to its argument in the Motion for Reconsideration.

  **B.**  **ACF's Motion for Emergency Intervention**

As Plaintiff's pleadings have made clear on numerous occasions, and as ACF's Motion for Emergency Intervention states, ACF was aware of and, in fact, gave Plaintiff permission to bring the instant cause of action. As such, ACF could have joined (or been named as) a co-plaintiff when the action was filed. In addition, as discussed in Section III.A.3.: (1) ACF was aware that some of the Defendants challenged/objected to Allstate Insurance Company bringing the action as the only named Plaintiff, and (2) ACF had a period of several months during which it could have sought to intervene in Plaintiff's cause of action. Notwithstanding ACF's awareness of all of those things, however, ACF did not take action to intervene in this cause of action prior to the Court's dismissal of Plaintiff's cause of action.

As the Court dismissed Plaintiff's cause of action, and as the Court has denied Plaintiff's

Motion for Reconsideration of that dismissal, there is no open case in which ACF can intervene. Accordingly, the Court hereby denies ACF's Motion for Emergency Intervention.

### C.     Motion for Leave to File Amicus Curiae Brief

E.D. Mich. L.R. 7.1(h)(2) states: "No response to the motion and no oral argument are permitted unless the court orders otherwise." In this case, the Court has not ordered any response, briefing or oral argument with respect to Plaintiff's Motion for Reconsideration. For that reason alone, the Court denies MCCA's Motion for Leave to File Amicus Curiae Brief in Support of Plaintiff's Motion for Reconsideration. The Court also denies the Motion for Leave to File Amicus Curiae Brief as untimely because MCCA had the opportunity to become involved in the case when the subject matter it seeks to address, *i.e.*, Plaintiff's standing to bring this cause of action, was before the Court on the Defendants' motions to dismiss.

### D.     Motion for Frivolous Action Sanctions

The Court notes that the Motion for Frivolous Action Sanctions was filed on behalf of only the Parker Defendants. The Court further notes that the motion to dismiss filed by the Parker Defendants barely touched on the issue of standing, in any context. In fact, in the 20-page brief in support of their motion to dismiss (which was filed months after the motion to dismiss filed by other Defendants), the Parker Defendants devote only one paragraph to the issue of standing. Their argument, however, pertains to the issue of standing only as it relates to Count III (civil conspiracy under the Racketeer Influenced and Corrupt Organization Act), which was only one of the six counts Plaintiff brought against the Parker Defendants. That argument was not relevant to the Court's analysis or its conclusion that Plaintiff lacked standing to bring the instant case. Finally, the Court notes that the reply brief filed by the Parker Defendants does not even mention standing. Moreover,

9

even in the Motion for Frivolous Action Sanctions, the vast majority of the Parker Defendants' brief is devoted to arguments regarding other alleged deficiencies in Plaintiff's Complaint.

The Court finds the foregoing matters significant for two reasons. First, the absence of an on-point argument regarding the issue of standing by the Parker Defendants in their motion to dismiss suggests that the issue of standing was not clear cut. The fact that no party has cited to any Michigan state court case involving similar factual circumstances also supports a finding that Plaintiff did not act frivolously in filing the instant lawsuit. Second, the fact that this lawsuit was dismissed *vis a vis* the Parker Defendants based on Plaintiff's lack of standing was nothing short of fortuitous for the Parker Defendants. If not for arguments set forth in the motion to dismiss filed by the other Defendants (which the Parker Defendants failed to adopt or incorporate, even though the other Defendants' motion to dismiss was filed weeks before the Parker Defendants' motion to dismiss), the Parker Defendants might still be embroiled in this lawsuit.[6]

For the reasons set forth above, the Court concludes that sanctioning Plaintiff (and/or its counsel) for filing the instant lawsuit is not warranted. Accordingly, the Court shall deny the Parker Defendants' Motion for Frivolous Action Sanctions.

---

[6]The Court notes that it: (a) did not address the merits of the Parker Defendants' arguments when deciding the motions to dismiss; and (b) need not address the merits of those arguments at this time, either.

# IV. CONCLUSION

Accordingly, for the above reasons, IT IS HEREBY ORDERED that

1. Plaintiff's Motion for Reconsideration (Docket #41) is DENIED;

2. Assigned Claims Facility's ("ACF") Motion for Emergency Intervention (Docket #42) is DENIED;

3. The Motion to File Amicus Curiae Brief in Support of Plaintiff's Motion for Reconsideration, filed by the Michigan Catastrophic Claims Association (Docket #52) is DENIED; and

4. Defendants Faye Chehab and Dr. Jeffrey Parker's Motion for Frivolous Action Sanctions (Docket #43) is DENIED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: February 1, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 1, 2012.

S/Marie E. Verlinde
Case Manager
(810) 984-3290